IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

G.R.,

    Plaintiff,

v.                                                    CIV 14-0009 KK/KBM

THE UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Lift Stay *(Doc. 23)*, filed July 30, 2015. Plaintiff filed this action on January 3, 2014, pursuant to the Federal Tort Claims Act ("FTCA"). Because the alleged injuries occurred at Plaintiff's workplace, the parties requested that I stay this case while she sought recovery under the Federal Employee's Compensation Act, 5 U.S.C. § 8102 et seq. ("FECA"), because it was possible that FECA provides exclusive remedies in this circumstance. In August 2014, within Office of Workers' Compensation Programs, the Secretary of Labor denied coverage on the basis that her FECA claim is not work-related. Apparently, that decision is still on appeal before the DOL Employees' Compensation Appeals Board ("Appeals Board").

Plaintiff now moves to lift the stay on two grounds: (1) it has been more than a year since the USDOL regional office correctly ruled that Plaintiff's claim is not work-related, and (2) the federal litigation should not be on hold for an indefinite length of time

awaiting the Appeals Board's decision. Defendant counters that "with no final determination by the Secretary, it would be premature to lift the stay." *Doc.23* at 3.

The Court feels constrained to find that the stay must remain in place until the administrative FECA process is exhausted. *See, e.g. Tippetts v. U.S.,* 308 F.3d 1091 (10th Cir. 2002) (invasion-of-privacy and intentional infliction of emotional distress claims to be abated pending determination of FECA coverage by the Secretary). "If a plaintiff brings a Tort Claims Act action in federal court and a substantial question regarding Compensation Act coverage exists, 'the court must stay its proceedings pending a **final** decision of the Secretary of Labor regarding FECA coverage." *Farley v. U.S.*, 162 F.3d 613 (10th Cir. 1998) (emphasis added) (quoting *Tarver v. U.S.*, 25 F.3d 900, 902–03 (10th Cir. 1994). The Third Circuit has held that if a FECA issue arises, a district court must "first require[e] the plaintiff to **complete** the processing of his administrative claim under the FECA." *Joyce v. U.S.*, 474 F.2d 215, 219 (3rd Cir. 1973) (emphasis added). "'[I]n an area in which the [Appeals] Board has not as yet authoritatively spoken, . . . it [is] extremely important that it have the opportunity to speak first.'" *Id.* (quoting *Somma v. U.S.*, 283 F.2d 151 (3rd Cir. 1960).

Wherefore,

IT IS HEREBY ORDERED that Plaintiff's Motion to Lift Stay *(Doc. 23)* is **denied.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE