UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

G.R.,

        Plaintiff,

v.                                                                                   CIV 14-0009 KK/KBM

THE UNITED STATES OF AMERICA, et al.,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Second Motion to Lift Stay and Memorandum in Support Thereof, filed on July 7, 2016. *Doc. 28.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is well-taken and will be **GRANTED**.

**I.    Procedural History**

Plaintiff, a former employee of Defendant Gallup Indian Medical Center (GIMC), brings claims against GIMC, the United States, the United States Department of Health and Human Services, and Indian Health Service[1] for damages arising from alleged violations of the Privacy Act, 5 U.S.C.A. § 552a, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), Public Law 104-191 (negligence per se), intentional infliction of emotional distress, public disclosure of private facts, and negligence. *See Doc. 1.* (Complaint). In August 2012, Plaintiff received treatment at GIMC for injuries she received as the victim of physical and sexual assault. *Id.* ¶¶ 12–13. Employees of

---

[1] Because the United States of America is the only Defendant to have entered an appearance in this matter at this time, the Court will refer to the United States as the Defendant throughout this opinion.

GIMC allegedly disclosed private details about Plaintiff, the assault, and her injuries to Plaintiff's co-workers who were not her direct care providers. *Id.* ¶ 14. As a result of these disclosures, Plaintiff suffered humiliation and further trauma and was unable to return to work for an additional two months. *Id.* ¶¶ 19–20. Plaintiff ultimately left her employment with GIMC and moved to a different county. *Id.* ¶ 21. Plaintiff now brings claims against Defendants for injuries arising out of the alleged unlawful disclosures. *See id.* at 10.

Plaintiff filed this action on January 3, 2014, seeking damages for the alleged violations of the Privacy Act, HIPAA, and for legal duties sounding in tort pursuant to the Federal Tort Claims Act (FTCA). *See id.* On February 25, 2014, the parties jointly moved to stay the proceedings while Plaintiff sought recovery under the Federal Employee's Compensation Act, 5 U.S.C.A. § 8102 et seq. (FECA). Doc. 16 ¶ 3. Because the parties purportedly had a substantial question regarding "whether FECA applies to Plaintiff's alleged injuries," the parties requested and the Court granted a stay on the proceedings.[2] *Docs. 16, 17*.

Plaintiff submitted a timely workers' compensation claim to the United States Department of Labor (USDOL) Office of Workers' Compensation Programs (OWCP), and the OWCP denied it in August 2014. *Doc. 28* ¶¶ 5–6; *see also Doc. 29* at 2. Plaintiff filed an appeal with the USDOL Employees' Compensation Appeals Board (ECAB) in October 2014 "to ensure that all possible avenues of administrative relief had been

---

[2] Plaintiff contends she did not agree with Defendant that there was a substantial question regarding whether her claim involved a work-related injury. *Doc. 22* ¶ 3; *Doc. 28* ¶ 3. Plaintiff's counsel believed, however, "that the most expeditious resolution of the question would be to agree to file a workers' compensation claim and agree to a stay of the present action while Plaintiff [pursued] this administrative claim." *Doc. 22* ¶ 3; *Doc. 28* ¶ 3.

2

exhausted." *Doc. 28* ¶ 6; *see also Doc. 29* at 2. To date, almost two years later, Plaintiff has not received a decision on her appeal. *See Doc. 28* ¶ 11. On July 13, 2015, Plaintiff filed a motion to lift the stay on the grounds that the ruling of the regional USDOL office was correct, Plaintiff's claim is not work-related, and she should not have to wait an indefinite amount of time before proceeding in federal court. *See Doc. 22*. Defendant objected on the basis that it would be premature to lift the stay before the ECAB ruled on Plaintiff's appeal. *See Doc. 23*. The Court denied Plaintiff's motion, noting that it felt "constrained to find that the stay must remain in place until the administrative FECA process is exhausted." *Doc. 27* at 2 (citing *Tippetts v. United States*, 308 F.3d 1091 (10th Cir. 2002)). Plaintiff has now filed a second motion asking the Court to lift the stay. *Doc. 28*. The motion is ripe and ready for review. *Docs. 28, 29, 31*.

**II.   Analysis**

Plaintiff moves to lift the stay on three bases: first, Plaintiff alleges that there is no substantial question regarding whether she is covered by FECA, and so exhaustion is not necessary; second, Plaintiff contends that exhaustion is futile; and third, Plaintiff argues that a continued stay is the equivalent of excluding her from District Court, which is not authorized by Tenth Circuit precedent. *See Doc. 28* at 3 (citations omitted). Defendant offered essentially the same response it did to Plaintiff's first motion, arguing that the Court should continue the stay until the ECAB rules on Plaintiff's appeal. *See Docs. 23, 29*. Because the Court will grant Plaintiff's motion on the ground that there is no substantial question of coverage, it need not consider Plaintiff's remaining arguments.

FECA "addresses work-related injuries of federal employees." *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998). Specifically, FECA "covers claims 'for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty.'" *Id.* (quoting 5 U.S.C. § 8102(a)). FECA provides the exclusive remedies for federal employees: if Plaintiff's claims fall under FECA, this Court lacks jurisdiction to hear her case. *Id.* (citations omitted).

The Secretary of Labor has the "power to resolve any disputes regarding the scope of Compensation Act coverage." *Id.* (citing 5 U.S.C. § 8145; *Swafford v. United States*, 998 F.2d 837, 839-40 (10th Cir. 1993)). "The Secretary's decision is final and not subject to judicial review." *Id.* (citing 5 U.S.C. § 8128(b)). "If a plaintiff brings a Tort Claims Act action in federal court and a substantial question regarding Compensation Act coverage exists, 'the court must stay its proceedings pending a final decision of the Secretary of Labor regarding FECA coverage.'" *Id.* (quoting *Tarver v. United States*, 25 F.3d 900, 902 (internal and subsequent citations omitted)). "A substantial question regarding Compensation Act coverage exists unless it is certain the Secretary would not find coverage." *Id.* at 615-16 (citing *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) ("[T]o avoid sending the case to the Secretary of Labor, we must essentially decide as a matter of law that . . . the Secretary could not find FECA coverage." (internal quotation omitted)); *Bruni v. United States*, 964 F.2d 76, 79 (1st Cir. 1992)).

"The pivotal issue, then, is whether a substantial question regarding Compensation Act coverage exists in this case." *Id.* at 616. The parties did not initially ask the Court to determine whether a substantial question of coverage exists – they simply moved for a stay in order for Plaintiff to present the issue to the OWCP. *See*

4

*Doc. 16.* The OWCP found that no substantial question of coverage exists, and out of an abundance of caution, Plaintiff appealed that ruling. Plaintiff's appeal now sits in "administrative limbo," almost two years after she filed it. *Doc. 28* at 2. The Court finds that it is appropriate to turn to the issue it has jurisdiction to consider: whether a substantial question of coverage exists.[3] *See White*, 143 F.3d at 234 (citations omitted).

Plaintiff alleges her injuries arose not as an employee of GIMC, but as a patient. *See Doc. 28* at 9–10. To determine whether an injury occurs "in the course of employment," the Secretary looks at the time, place, and manner of the injury. *See J.S. v. Dep't of Veteran Affairs*, No. 14-1532 (E.C.A.B. Dec. 4, 2015).

> In the compensation field, to occur in the course of employment, in general, an injury must occur: (1) at a time when the employee may reasonably be engaged in her master's business; (2) at a place where she may reasonably be expected to be in connection with the employment; and (3) while she was reasonably fulfilling the duties of her employment or engaged in doing something incidental thereto.

*Id.*; *see also P.S. v. Dep't of the Interior*, No. 15-1672 (E.C.A.B. Dec. 7, 2015). Here, the timing of Plaintiff's injury began when she was a patient: hospital staff disclosed details of Plaintiff's injuries she was treated for as a patient, not as an employee. The injury occurred at Plaintiff's place of employment, but that was simply because of the nature of her position. That is, Plaintiff happened to be treated where she worked. The manner of her injuries was similarly unrelated to her position: Plaintiff was injured by hospital staff unlawfully discussing her case with others. The unauthorized disclosures did not occur

---

[3] The Court is mindful that Congress intends FECA to "be interpreted and applied uniformly[,]" and the most effective way to do so is by "looking to the decisions of the Secretary to determine whether a substantial question of coverage exists and sending the case to the Secretary if [it] find[s]" one. *White*, 143 F.3d at 237 (citations omitted). Neither party cited to ECAB decisions in their briefs, but the Court performed its own search of the ECAB database in an effort to ensure that its findings are in line with the Secretary's. *See* U.S. Dep't of Labor, Search DOL Appeals, https://www.dol.gov/appeals/search/search.htm#D1 (last visited Sept. 14, 2016).

in the context of Plaintiff's employment, but in the context of her treatment as a patient. Plaintiff would have felt the effects of such unauthorized disclosures to her employer and coworkers whether she had been employed at the hospital or elsewhere. Finally, there are no allegations Plaintiff was working, otherwise fulfilling the duties of her employment, or even at her place of work when the disclosures occurred.[4] Plaintiff's injury does not fall within a time, place, or manner connected with her employment.

The facts here are analogous to those in *Wright v. United States*, 717 F.2d 254 (6th Cir. 1983). The plaintiff in *Wright* was working as a secretary at the Allen Park Veterans Administration Hospital (the hospital) when she began experiencing abdominal pain. *Id.* at 255. While she was not required to seek treatment at the hospital, she did so, and she later experienced complications when hospital staff improperly applied a respirator. *Id.* at 255–56. The plaintiff filed a claim under FECA, and the USDOL examiner noted in dicta[5] that "the mere fact or coincidence that [plaintiff] happened to be at work when [her] medical emergency occurred would not entitle [her] to benefits." *Id.* at 256. The Sixth Circuit agreed with the examiner. *Id.* Appellate courts interpreting the words "while in the performance of his duty[,]" noted the Sixth Circuit, "have held that the injury must arise out of the special zone of danger created by an obligation or condition of employment." *Id.* at 257 (citing 5 U.S.C. § 8102(a); *O'Leary v. Brown-Pac.-Maxon*, 340 U.S. 504, 506–07 (1951); *Bailey v. United States*, 451 F.2d

---

[4] Even if the unauthorized disclosures had occurred while Plaintiff was working, they concerned her status as a patient and were unrelated to her employment.

[5] The *Wright* plaintiff's OWCP claim was denied due to untimely filing, but the examiner also found that she would be precluded from collecting benefits under FECA because her injury was not sustained during the course of her employment. *Wright*, 717 F.2d at 256. Confusingly, a claims supervisor for the USDOL later "sent *Wright* a second letter" confirming her claim was untimely, and adding that she "would have been covered by and entitled to benefits under the [FECA] had [her] claim been timely filed." *Id.* Ultimately, the Sixth Circuit found that FECA would not have been the plaintiff's exclusive remedy, because she did not sustain the injuries in the course of employment. *Id.* at 258.

963, 967 (5th Cir. 1971); *Avasthi v. United States*, 608 F.2d 1059, 1061 (5th Cir. 1979); *Wallace v. United States*, 669 F.2d 947, 952 (4th Cir. 1982)); *see also United States v. Udy*, 381 F.2d 455, 458 (10th Cir. 1967) (looking at whether the injury occurred near in "time, space and activity" to plaintiff's employment, as well as whether "the obligations or conditions of employment" were connected to the creation of "the zone of special danger") (quotation omitted).

In *Wallace*, where the plaintiff received a swine flu vaccine at work, the Fourth Circuit found that because the plaintiff's "employment status was in no way conditioned on his participation in the inoculation program[,]" and there was no "causal relationship" between the plaintiff's employment or his performance and the injury, his injuries were not compensable under FECA. *Wallace*, 669 F.2d at 948, 953–54 (quoting *In re Estelle M. Krasprzak*, 27 E.C.A.B. 339, 342 (1979) (noting that the ECAB has held that "while in the performance of duty" means "arising out of and in the course of employment." "In applying this standard, the ECAB" inquired if "whether under all the circumstances, a causal relationship exists between the employment itself, or the conditions under which it is to be performed, and the resultant injury.")). Similarly, the Plaintiff here was not required to seek healthcare at GIMC, so her "employment status was in no way conditioned on" her receiving treatment at GIMC. *See id.* at 954. *See also Doc. 28* at 10. Moreover, her position as a nurse at GIMC did not in any way cause her injury; the hospital workers' indiscretion caused Plaintiff's injuries.

The Court finds that Plaintiff's injuries did not arise out of any "special zone of danger created by an obligation or condition of her employment." *Wright*, 717 F.2d at 278. Had Plaintiff sought treatment at a medical facility other than GIMC and her

healthcare workers had illegally disclosed her treatment details to others there, there would be no FECA issue. It should not be an issue here either, because Plaintiff's injuries are simply unrelated to her employment. The OWCP has already found there is no substantial question of coverage, and relevant, controlling authority supports what the OWCP determined. There is no need to wait for a decision on Plaintiff's appeal. The Court finds that, as a matter of law, Plaintiff's injuries did not occur in the course of employment, and there is no substantial question of coverage as is required for her claim to come under the ambit of FECA.

### IV. Conclusion

The Court finds there is no substantial question of coverage, and Plaintiff's claims would not be covered by FECA. It is appropriate to lift the stay in this case, despite the lack of a decision on Plaintiff's appeal to the ECAB.

Wherefore,

**IT IS ORDERED** that Plaintiff's Second Motion to Lift Stay and Memorandum in Support Thereof *(Doc. 28)* is **GRANTED**, and the stay in this case is hereby lifted.

_____
**UNITED STATES CHIEF MAGISTRATE JUDGE**