IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

G.R.,

          Plaintiff,

vs.                                        Civ. No. 14-09 JCH/KBM

THE UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
INDIAN HEALTH SERVICE, and
GALLUP INDIAN MEDICAL CENTER,

          Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *Defendant's Motion to Dismiss for Failure to State a Claim and to Dismiss Plaintiff's Claims Not Raised in Tort Claims Notice* [Doc. 45]. In this case, Plaintiff G.R. asserts claims arising from Defendant's alleged dissemination of information regarding the fact that G.R., its employee, was a victim of sexual assault. The Defendant asks the Court to dismiss some of those claims. The Court has reviewed the motion, response, and reply, as well as the relevant legal authorities cited therein. For the reasons stated in this Memorandum Opinion and Order, the motion to dismiss will be denied in part with regard to Defendant's motion to dismiss G.R.'s claims for negligence and negligence per se for failure to exhaust administrative remedies. The motion to dismiss also will be denied in part with regard to Defendant's motion to dismiss G.R.'s claim for publication of private facts on the grounds that she has failed to state a claim. However, the Court withholds ruling on Defendant's motion to dismiss G.R.'s negligence per se claim on the grounds that it fails to state a claim. Instead, the

Court certifies to the New Mexico Supreme Court the question of whether this claim is precluded by the fact that there is no private cause of action under the Health Insurance Portability and Accountability Act of 1996.

## FACTUAL AND PROCEDURAL BACKGROUND

In her Complaint [Doc. 1], G.R. alleges that she was employed as a registered nurse at the Gallup Indian Medical Center ("GIMC") from June of 2009 until December of 2012. Doc. 1 at ¶ 10. G.R. was also a patient of GIMC, receiving primary and emergency medical treatment from providers at GIMC's facility. *Id*. at ¶ 11.

On August 26, 2012, G.R. was physically and sexually assaulted, and she sought treatment for her injuries at GIMC. *Id*. at ¶ 12-13. Afterwards, Defendants and their employees "disclosed private details about Plaintiff's assault and resulting injuries" to G.R.'s co-workers who were not her direct care providers. *Id*. at ¶ 14. As a result, G.R.'s co-workers were able to identify her as the victim of the brutal assault, the details (excepting the name of the victim) of which had been described in local news articles. *Id*. at ¶ 15-16. "During the weeks following the assault, as a result of GIMC's disclosures, many of Plaintiff's co-workers came to know the private details pertaining to Plaintiff that related to the assault." *Id*. at ¶ 17. This, in turn, caused G.R. further trauma and humiliation, and as a result she was unable to return to work for an additional period of two months beyond the one month she spent recovering from the assault. *Id*. at 18-20. G.R. then left her job at GIMC and moved away to avoid further humiliation. Id. at ¶ 21.

G.R. asserts claims for violation of the Privacy Act, 5 U.S.C. § 552a (Count I), intentional infliction of emotional distress (Count II), public disclosure of private facts (Count III), negligence (Count IV), and negligence per se (Count V).

## **LEGAL STANDARDS**

**I.      Failure to State a Claim**

Under rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006); *Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. *See Brown v. Montoya*, 662 F.3d at 1163 (stating that the "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully"). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citation omitted).

## II. Exhaustion of Administrative Remedies

A plaintiff suing the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., must exhaust administrative remedies before a district court can exercise jurisdiction. The FTCA's jurisdictional statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a)(emphasis added). This statute "requires that claims for damages against the government be presented to the appropriate federal agency by filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991)).

"[A] claim should give notice of the underlying facts and circumstances 'rather than the exact grounds upon which plaintiff seeks to hold the government liable.' " *Staggs v. United States ex rel. Dep't of Health and Human Servs.*, 425 F.3d 881, 884 (10th Cir. 2005) (quoting *Estate of Trentadue*, 397 F.3d at 853). The Tenth Circuit has added that "the FTCA's notice requirements should not be interpreted inflexibly." *Estate of Trentadue*, 397 F.3d at 853. Whether a plaintiff's administrative claim is sufficient to meet 28 U.S.C. § 2675(a)'s notice requirement is a question of law. *See Staggs*, 425 F.3d at 884.

**DISCUSSION**

First, Defendant moves to dismiss G.R.'s claims for public disclosure of private facts (Count III) and negligence per se (Count V) on the grounds that the Complaint fails to state a claim for which relief may be granted. Second, Defendant argues that G.R. failed to exhaust administrative remedies for her claims of negligence (Count IV) and negligence per se (Count V). The Court will begin with the jurisdictional prerequisite of exhaustion of administrative remedies.

**I.   Exhaustion of Administrative Remedies for Negligence and Negligence Per Se**

"The FTCA waives the federal government's sovereign immunity to suits for money damages arising out of the negligence of government agents." *Barnes v. United States*, 137 Fed. Appx. 184, 187 (10th Cir. 2005)). Before commencing a lawsuit against the United States, the FTCA requires claimants to exhaust administrative remedies. 28 U.S.C. § 2675(a); *see also Three-M Enters., Inc. v. United States*, 548 F.2d 293, 294 (10th Cir. 1977). To satisfy this provision's exhaustion requirement, a claimant must file an administrative claim with the appropriate federal agency. *Barnes*, 137 Fed. Appx. at 187. That claim must include: " '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.' " *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Barnes*, 137 Fed. Appx. at 187).

The parties do not dispute that in bringing her administrative claim, G.R. filled out Standard Form 95. They do not dispute that this is the proper form for a federal employee to use when giving notice of a potential FTCA claim, or that she filed it in a timely manner. Finally, they do not dispute that G.R. wrote the following on her Standard Form 95:

> 8. BASIS OF CLAIM: [G.R.], former employee and patient of the Gallup Indian Medical Center (GIMC) in Gallup, NM, presented to GIMC on 8/26/12 for

> medical treatment of injuries she suffered from a highly publicized assault. [G.R.'s] identity was never disclosed by the media. The staff of GIMC disclosed private details of the assault to numerous community members and [G.R.'s] co-workers at GIMC, and disclosed [G.R.'s] name.
>
> . . .
>
> 10. STATE THE NATURE AND EXTENT OF EACH INJURY… WHICH FORMS THE BASIS OF THE CLAIM []. As a result of GIMC's disclosure of the private details of [G.R.'s] medical record, all of her co-workers and many in the Gallup community knew she was the victim of a brutal assault. [G.R.] suffered mental anguish and humiliation, and as a result lost two months' work, and was forced to leave her job & community to find work elsewhere at a lesser salary.

For the amount of her claim, G.R. wrote "None" for property damage and wrongful death, but for personal injury she wrote "(Privacy Act) $1,000,000.00" and a total amount of claim of $1,000,000.00. By letter to G.R.'s counsel, the Department of Health & Human Services gave notice of final determination to G.R. that her administrative tort claim had been denied on the grounds that the claim was not eligible for coverage under the FTCA.

In its motion to dismiss, Defendant argues that G.R. failed to exhaust administrative remedies for negligence because she did "not assert in her SF95 that the government and its employees were negligent when they allegedly discussed her medical condition." Doc. 45 at 8. Defendant further faults G.R. "because she did not allege in her SF-95 regarding how the GIMC employees owed a duty to Plaintiff; what that duty was; how it was breached; and, even if a duty was owed to her by a GIMC employee, how the disclosure of factual information about her medical condition constituted negligence that was the proximate cause of her alleged damages." *Id.* at 9. Finally, Defendant contends that G.R. indicated on the SF-95 that her $1,000,000.00 in alleged damages stemmed from the Privacy Act, "which remedies are distinct from those provided under the FTCA arising out of negligence." *Id.*

Defendant puts too fine a point on its argument. Under Defendant's standard, a claimant would be required not only to set forth the factual basis for her claims, but also to enumerate

6

each of the legal theories she planned to assert based on those facts. Defendant would go even further than this, and would purport to require a claimant to allege each element of her claims, including duty, breach, and proximate cause. However, that is not the standard in the Tenth Circuit. Rather, a proper administrative claim must provide an agency "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which [a] plaintiff seeks to hold the government liable." *Estate of Trentadue*, 397 F.3d at 852. And, to that end, the Tenth Circuit has adopted the following criteria for determining whether an administrative claim contains the level of specificity that the FTCA demands:

> [T]he test under § 2675(a) [is] "an eminently pragmatic one: as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct and includes a specification of the damages sought, it fulfills the notice-of-claim requirement."

*Id*. at 852-53 (quoting *Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 40 (1st Cir. 2000)). A claim need not apprise the agency of "every conceivable legal theory" or cause of action that could potentially be brought in relation to an injury described in that claim. *Bethal v. United States ex rel. Veterans Admin. Med. Ctr. of Denver, Colo*., 495 F. Supp. 2d 1121, 1124-25 (D. Colo. 2007).

Here, the Court concludes that G.R. has met the requirement that her administrative claim disclose the facts upon which her negligence claim rests. She has explained the date of her medical treatment, asserted that Defendant disclosed the nature and source of her injuries to employees and co-workers not directly involved in her care, stated that this caused her anguish and humiliation and forced her to change jobs, and set forth sum certain in damages. It is quite reasonable that Defendant could infer that, based on these facts, G.R. could assert a negligence claim as well as a statutory one. Accordingly, the Court concludes that G.R. has exhausted her

administrative remedies for Counts IV and V, and this portion of the motion to dismiss will be denied.

II. **Failure to State a Claim**

Defendant contends that G.R.'s Complaint [Doc. 1] fails to assert sufficient facts to state a cognizable claim for public disclosure of private facts and for negligence per se.

A. **Public Disclosure of Private Facts**

New Mexico recognizes the tort of invasion of privacy. *See Moore v. Sun Publ'g Corp.*, 118 N.M. 375, 383, 881 P.2d 735, 743 (Ct. App. 1994). One recognized type of invasion of privacy is the publication of private facts. *See id*. The tort of public disclosure is defined in New Mexico as "disclosure which would be objectionable to a reasonable person, and a lack of legitimate public interest in the information." *Fernandez-Wells v. Beauvais*, 127 N.M. 487, 489, 983 P.2d 1006, 1008 (N.M. Ct. App. 1999) (citing W. Page Keeton et al., *Prosser and Keeton on The Law of Torts* § 117, at 856-57 (5th ed.1984) and Restatement (Second) of Torts § 652D). The tort of publication of private facts "involves the publication of true but intimate or private facts about the plaintiff, such as matters concerning the plaintiff's sexual life or health." *Moore v. Sun Publ'g Corp.*, 118 N.M. 375, 383, 881 P.2d 735, 743 (1994) (quotation omitted).

The Government first argues that G.R.'s claim is not cognizable "because it does not meet an element of this tort: lack of legitimate public interest." Doc. 45 at 7. However, Defendant makes this argument in cursory fashion and does not explain what the public interest might be in GIMC informing its employees that one of their colleagues had been the victim of a brutal sexual assault. Without relevant legal authorities or even an attempt at an argument, the Court cannot state that G.R. has failed to state a claim as a matter of law on this basis. The Court

concludes that, based on the facts set forth in the Complaint and the arguments set forth in Defendant's briefs, there was no legitimate public interest in publicizing the fact that G.R. was the victim of sexual assault among employees at GIMC who were not Plaintiff's treatment providers.

Next, the Government contends that G.R.'s claim must fail because under the facts of the Complaint, GIMC disseminated the information about the sexual assault only to a "small group of persons," *e.g.*, G.R.'s co-workers. Doc. 45 at 8. For this, Defendant relies upon *Fernandez-Wells, supra*, in which the New Mexico Court of Appeals quoted the following passage from the comments to § 652D of the Restatement (Second) of Torts: "it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." 127 N.M. at 489. From this, Defendant asserts that G.R.'s GIMC co-workers who were told about the assault constitute a "small group of persons" such that G.R. has no claim.

This argument fails for several reasons. First, although in *Fernandez-Wells* the New Mexico Court of Appeals noted this comment to § 652D the Restatement, the court did not adopt it as the legal standard—it merely observed that this was one approach to the publicity requirement. The court went on to note that "the extent of the required publicity to support a claim of public disclosure of private facts varies from jurisdiction to jurisdiction" and that in some jurisdictions, "where the plaintiff and the 'public' receiving the private information enjoy a special relationship, disclosure may be actionable despite the lack of widespread publicity." *Id*. at 489-90 (citations and quotations omitted). Ultimately, the *Fernandez-Wells* court did not adopt any particular standard, but rather concluded that the plaintiff's complaint failed to meet any of the possible standards for publicity. Thus, it is far from clear that the number of persons to whom

9

the information is published is a factor in determining whether a plaintiff in New Mexico has stated a claim for publication of private facts. *Id.* at 490. Second, as G.R. points out, the Court of Appeals has noted that in some jurisdictions, "where the plaintiff and the 'public' receiving the private information enjoy a special relationship, disclosure may be actionable despite the lack of widespread publicity. *Id*. The Government has neither argued nor presented legal authority to support an argument that New Mexico would not adopt the "special relationship" exception mentioned in *Fernandez-Wells*, or that it would not apply to G.R.'s relationship with her co-workers at GIMC. Third, the Court notes that based on the allegations of the complaint, it is not clear how many co-workers received the information about G.R.'s sexual assault. A hospital typically employs hundreds of employees, and there is no way to know at this stage of the case whether the group of persons at issue was small or large. That question, it would seem, may require discovery and possibly could provide the basis for a later motion for summary judgment. However, because the size of the group is in question at this stage, the Court cannot conclude that G.R. has failed to state a claim under Rule 12(b)(6).

For all the foregoing reasons, the Court concludes that G.R. has stated a cognizable claim for publication of private facts, and the motion to dismiss this claim under Rule 12(b)(6) will be denied.

### B. Negligence Per Se

In Count V of her Complaint, G.R. asserts a negligence per se claim stemming from Defendant's alleged violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which prohibits knowing disclosures of individual health information under certain circumstances. The Defendant and G.R. agree that there is no private right of action under HIPAA. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n. 4 (10th Cir. 2010) ("Any HIPAA

claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."). However, while Defendant contends (though without citation to any legal authority) that this lack of private cause of action requires dismissal of the negligence per se claim, G.R. argues that "the violation of HIPAA establishes that Defendant's employees acted unreasonably in sharing protected health information with the public. Thus the HIPAA provides one element of a Common Law claim for negligence. . . Plaintiff can rely on the HIPAA provisions to establish the element of lack of reasonableness in her jury instructions, rather than presenting evidence to the jury on that element." Doc. 50 at 6-7.

To determine whether the doctrine of negligence per se applies under New Mexico law, a court looks at four elements: (1) there must be a statute prescribing certain actions or defining a standard of conduct, either explicitly or implicitly, (2) the defendant must violate the statute, (3) the plaintiff must be in the class of persons sought to be protected by the statute, and (4) the harm or injury to the plaintiff must generally be of the type the legislature through the statute sought to prevent. *Apodaca v. AAA Gas Co.*, 134 N.M. 77, 93, 73 P.3d 215, 231 (Ct. App. 2003) (quoting *Archibeque v. Homrich*, 88 N.M. 527, 532, 543 P.2d 820, 825 (1975)). However, the parties do not cite—and this Court cannot find—any decision by a New Mexico court indicating whether New Mexico would permit a negligence per se claim using a federal statute that does not provide a private right of action. The question of whether HIPAA regulations may be used as a legislatively imposed standard of care for purposes of establishing negligence per se in New Mexico is a potentially complex question of law.

A few states other than New Mexico have examined this question, and generally they have decided against allowing the use of HIPAA in a claim for negligence per se. However, they

have done so for varying reasons and with different results. *See, e.g., Fanean v. Rite Aid Corp. of Delaware, Inc.*, 984 A.2d 812, 823 (Del. Super. 2009) (concluding that claim of negligence per se could not be premised on HIPAA violation, but following *Toll Bros., Inc. v. Considine*, 706 A.2d 493 [Del.1998], holding "that a common law negligence claim can be predicated upon OSHA requirements," in concluding that common-law negligence claim could utilize HIPAA as "guidepost for determining the standard of care"); *Young v. Carran*, supra, 289 S.W.3d at 588-89 (rejecting plaintiff's attempt to use HIPAA as foundation for damages claim under state "negligence per se" statute, but observing that state case law permits use of federal statutes otherwise to inform standard of care in common-law negligence action); *Salatto v. Hospital of Saint Raphael*, Superior Court, judicial district of New Haven, Docket No. CV-09-5032170-S, 2010 WL 4351811 (October 6, 2010) (granting a motion for summary judgment as to the plaintiff's "negligence per se claims [that] assert that the defendant violated his right to confidentiality, pursuant to HIPAA. It is well settled that HIPAA does not create a private right of action."); *Sheldon v. Kettering Health Network*, 40 N.E.3d 661, 672, 674 (Ohio Ct. App. 2015) ("we further conclude that federal regulations—as opposed to an Ohio statute that sets forth a positive and definite standard of care—cannot be used as a basis for negligence per se under Ohio law. Additionally, in our view utilization of HIPAA as an ordinary negligence "standard of care" is tantamount to authorizing a prohibited private right of action for violation of HIPAA itself").

      This Court is uncertain whether the New Mexico Supreme Court would unconditionally bar a claim for negligence per se based on enactments that lack private rights of action; there are no reported New Mexico decisions to guide us. Thus, the Court is faced with an issue on which there is no controlling decision of the New Mexico Supreme Court, the New Mexico Court of

Appeals, New Mexico constitution, or state statute. Further, New Mexico Supreme Court's answer to the question would be determinative of the motion to dismiss. "Under the Uniform Certification of Questions of Law Act, the New Mexico Supreme Court may answer a question of law certified to it if the 'answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision or statute of this state.' " *Hartford Ins. Co. of the Midwest v. Cline*, 367 F. Supp. 2d 1342, 1344 (D.N.M. 2005) (quoting N.M. Stat. Ann. § 39-7-4). "In addition to the question of law to be answered ..., an order of certification must contain[ ] 'the facts relevant to the question, showing fully the nature of the controversy out of which the question arose ....' " *Hartford Ins. Co.*, 367 F. Supp. 2d at 1345 (quoting § 39-7-7(A)(2)); citing Rule 12-607). In light of the foregoing considerations, and "[i]n furtherance of the interests of comity and federalism that certification protects," *Garza v. Burnett,* 672 F.3d 1217, 1221-22 (10th Cir. 2012) (quotation omitted), the Court concludes *sua sponte* that certification to the New Mexico Supreme Court is merited.

Accordingly, the Court hereby **CERTIFIES** the following question to the New Mexico Supreme Court:

> Does New Mexico recognize a claim for negligence per se based on an alleged violation of HIPAA, a federal statute, even though that statute does not allow a private right of action?

Pursuant to NMRA 12-607(C)(4), this Court acknowledges that the New Mexico Supreme Court has discretion to accept or reject this certification, and to reformulate the questions presented. The Clerk of this Court shall transmit a copy of this certification order to the New Mexico Supreme Court.

The names and addresses of counsel of record in the case are as follows:

Nancy L. Simmons (counsel for G.R.)

120 Girard Blvd. SE
Albuquerque, NM 87106

Roberto D. Ortega (counsel for Defendant)
U.S. Attorney's Office
District of New Mexico
P.O. Box 607
Albuquerque, NM 87103

**IT IS THEREFORE ORDERED** that:

(1) *Defendant's Motion to Dismiss for Failure to State a Claim and to Dismiss Plaintiff's Claims Not Raised in Tort Claims Notice* [Doc. 45] is **DENIED IN PART** with regard to Defendant's motion to dismiss G.R.'s claims for negligence and negligence per se for failure to exhaust administrative remedies. The motion to dismiss is also **DENIED IN PART** with regard to Defendant's motion to dismiss G.R.'s claim for publication of private facts on the grounds that she has failed to state a claim;

(2) As explained, *supra*, the Court **CERTIFIES** to the New Mexico Supreme Court the question of whether G.R.'s negligence per se claim is precluded by the fact that there is no private cause of action under the Health Insurance Portability and Accountability Act of 1996;

(3) The Clerk of this Court must transmit a copy of this certification order to the New Mexico Supreme Court.

_____
**UNITED STATES DISTRICT JUDGE**